# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES HEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 9205 |
| v. ) | |
| ) | Magistrate Judge |
| TOM J. DART, ) | Maria Valdez |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) [Doc. No. 13]. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), and this Court has jurisdiction pursuant to 23 U.S.C. § 1331. For the reasons that follow, Defendant's motion is denied.

## FACTUAL BACKGROUND

The following facts, taken from Plaintiff's complaint, are accepted as true and all inferences from those facts are drawn in Plaintiff's favor. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014).

On July 3, 2014, Plaintiff James Heard — held at the Cook County Jail — was placed in the jail's Rehabilitation Treatment Unit. Plaintiff, however, was not mentally unstable and did not require medical treatment. While he was housed in the Unit, Plaintiff was not allowed any recreation activities.

On November 14, 2014, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging these conditions and asking that he be financially compensated for the time he was deprived of recreation. In addition, Heard also challenged his housing in the Unit itself and limitations on his access to television. Pursuant to 28 U.S.C. § 1915A, the District Court performed a threshold review and dismissed Plaintiff's claims related to his placement in the Rehabilitation Treatment Unit and his lack of access to television. (12/5/14 Order at 2 [Doc. No. 5].) The court, however, found that the complaint stated a valid claim for inadequate access to recreation and directed the Clerk to serve the complaint on Defendant. (12/5/14 Order at 2.) Defendant then filed the present motion to dismiss.

## DISCUSSION

### I. MOTION TO DISMISS

#### A. <u>Legal Standard</u>

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint, *see Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009), which must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the complaint must "give the defendant fair notice of what the claim is . . . and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); that is, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombley*, 550 U.S. at 570). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County, Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). In determining whether a claim is plausible, "the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original). This is the same standard that the District Court applied under 28 U.S.C. § 1915A when it screened Plaintiff's complaint in this matter prior to its service on Defendant. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

B.  **Analysis**

"Section 1983 imposes liability when a defendant acts under color of state law and violates a plaintiff's rights under the Constitution or laws of the United States." *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Defendant argues that Plaintiff has failed to plead a constitutional violation or, alternatively, has failed to sufficiently allege Defendant's involvement in that violation. Because Plaintiff has put forth a plausible claim on both matters, however, Defendant's motion is denied.

   *1.  Constitutional Violation Based on Conditions of Confinement*

Defendant argues that Plaintiff has failed to state a valid constitutional claim based on the conditions of his confinement. Such a claim "has two

3

components."[1] *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). First, "the deprivation alleged must be, objectively, sufficiently serious. Therefore, extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir.1999)) (internal quotation marks omitted). The second component of a conditions-of-confinement claim "relates to a defendant's state of mind and requires a showing of deliberate indifference." *Id.*

Defendant argues that Plaintiff's allegations are not sufficiently serious to state a conditions-of-confinement claim because he has not specifically "allege[d] that he was prohibited from exercising in the day room or in his cell." (Def.'s Mot. at 3-4.) While it is true that the Seventh Circuit has held that in-cell exercise opportunities can be constitutionally sufficient, *see Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997), it has also held that a plaintiff stated a conditions-of-confinement claim where he "alleged that he was restricted to his cell or unit for

---

[1] At this stage, it is unclear whether Plaintiff was being held at the jail as a prisoner or as a detainee at the time the actions giving rise to his complaint took place. For prisoners, the right implicated in a conditions-of-confinement claim arises under the Eighth Amendment's prohibition of cruel and unusual punishment as applied to the states by the Fourteenth Amendment; for pretrial detainees, the right arises under the due process clause of the Fourteenth Amendment. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664-65 (7th Cir. 2012). Even under a due process analysis, however, "courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners." *Id.* at 664. Accordingly, "there is little practical difference between the two standards." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). While it will ultimately be important to distinguish the precise right at issue in this case, it need not be done at this stage, as the basis for Plaintiff's claim is clear and "a plaintiff need not plead legal theories in [his] complaint." *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014).

4

extended periods of time and had 'no room' to exercise in his unit." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). Here, construing the complaint liberally and drawing all inferences in Plaintiff's favor as the Court is required to do, *see Childress v. Walker*, 787 F.3d 433, 436 n.1 (7th Cir. 2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), Plaintiff alleges that he was forbidden any opportunity for exercise because he was placed in the rehabilitation treatment unit, a complete deprivation. In his briefing, plaintiff also specifies that he was unable to exercise in the Unit, further supporting his claim. *See Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963 (7th Cir. 1992) ("A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief . . . .").

Defendant also argues that Plaintiff fails to state a claim because he alleges only a three-month deprivation of opportunities for exercise. It is true that the Seventh Circuit has stated a "general rule" that "denial of out-of-cell exercise opportunities" for 90 days does not plead a constitutional claim. *See Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001). However, *Pearson* dealt with a denial of such privileges resulting from disciplinary segregation. *See id.* at 885; *see also Rasho v. Walker*, 393 F. App'x 401, 403 (7th Cir. 2010). In this case, in contrast, Plaintiff alleges a prison policy of denying inmates in the Rehabilitation Treatment Unit access to exercise that is not related to disciplinary concerns; this is sufficient to state a valid conditions-of-confinement claim. *See Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013) (holding claim stated where no individual lockdown

exceeded 90 days but where court was "confronted with a pattern of prison-wide lockdowns, which [Plaintiff] allege[d] occurred for flimsy reasons or no reason at all"). "[A]t this stage, [Plaintiff] has a viable claim for deprivation of exercise under the Due Process Clause or the Eighth Amendment." *Antonelli*, 81 F.3d at 1432.

With regard to deliberate indifference, Plaintiff does not make explicit in his complaint whether he is suing Defendant in his personal or official capacity. With respect to Dart's personal capacity, "[d]eliberate indifference requires that a prison official know of and disregard a substantial risk of serious harm to inmate health or safety." *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 837 (1994)). "It is not enough that there was a danger of which a prison official objectively should have been aware. '[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837).

Defendant argues that Plaintiff has not adequately pled Defendant's personal deliberate indifference because Plaintiff has not alleged Defendant's direct involvement in the alleged deprivation of exercise. Defendant is correct: There are simply no references in the complaint or in Plaintiff's supporting filings alleging Defendant's personal involvement in depriving Plaintiff of the opportunity to exercise. Plaintiff therefore has failed to allege the deliberate indifference of Defendant in his personal capacity. *See Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994) ("Although [the warden was] named as a defendant, there are no factual

6

allegations involving him other than that he was charged with the administration of [the facility] and [was] responsible for all persons at [the facility]. This is not sufficient personal involvement for the imposition of [personal] liability."); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

However, Plaintiff has stated a valid claim against Defendant in his official capacity. A suit against a municipal official in his official capacity alleges liability of the municipal entity itself, *see Brandon v. Holt*, 469 U.S. 464, 472-73 (1985), and a municipality is a "person" for the purposes of § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)). While "there is no respondeat superior liability under section 1983," *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009), "[a] local governing body may be liable for monetary damages under [section] 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690). To impose liability, "a municipal policy or practice must be the 'direct cause' or 'moving force' behind the constitutional violation. . . . In other words, 'it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Estate of Novack*, 226 F.3d at 530-31 (quoting *Monell*, 436 U.S. at 694).

Defendant argues that Plaintiff's pleadings are insufficient to allege the County's liability because he has not alleged "any policy or custom at the jail that is unconstitutional." (Def.'s Mot. at 6.) Construing Plaintiff's pro se complaint liberally, however, he has alleged that it was the policy of the jail to deny prisoners held in the Rehabilitation Treatment Unit access to all recreation opportunities and that he was denied such opportunities because of his placement in the Unit. He therefore alleges that a county policy was the motivating force behind the alleged violation. Furthermore, as the Seventh Circuit has specified, sheriffs such as Defendant "have final policymaking authority over jail operations." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000).

With regard to deliberate indifference of the County, the Seventh Circuit has stated that "a municipality, rather than an individual, may violate the Eighth Amendment where a risk of serious harm was so patently obvious that the municipality must have been aware of risk of harm and, by failing to act to rectify it, sanctioned the harmful conduct." *Estate of Novack*, 226 F.3d at 530. In his supporting briefing, *see Hrubec*, 981 F.2d at 963-64, Plaintiff alleges that "Defendant's policies and/or practices in place were deliberate[ly] indifferent to Plaintiff's basic human needs to have adequate recreational time." (Resp. at 4.) "These allegations, if read alone, are sufficient statements of 'deliberate indifference' for purposes of a Rule 12(b)(6) motion." *Antonelli*, 81 F.3d at 1429. Plaintiff has stated a valid conditions-of-confinement claim against Defendant in his official capacity.

### 2. *Prison Litigation Reform Act, 42 U.S.C. § 1997e(e)*

Defendant also argues that, because Plaintiff's complaint does not specifically allege that he suffered physical injury, the complaint should be dismissed pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). However, the Seventh Circuit has stated that, under the statute, "physical injury is merely a predicate for an award of damages for mental or emotional injury, not a filing prerequisite for the federal civil action itself," and that a lack of physical injury does not foreclose a prisoner's conditions-of-confinement action for nominal or punitive damages. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). Although the complaint does not specifically request them, it can "reasonably be viewed as a request for nominal damages" when given the liberal construction required. *See id.* at 943. Furthermore, Plaintiff has also provided details of alleged physical injuries resulting from the alleged actions in his responsive briefing, further supporting his claim. *See Hrubec*, 981 F.2d at 963-64. At this stage, Plaintiff's claim does not fail according to § 1997e.

For the reasons above, Plaintiff's complaint states a valid claim for relief, and Defendant's Motion to Dismiss is therefore denied.

## II. REQUEST FOR A MORE DEFINITE STATEMENT

In the alternative, Defendant in his Motion asks the Court to require Plaintiff to file a more definite statement of his claim under Rule 12(e). Under that rule, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party

9

cannot reasonably prepare a response." *See also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). "Motions under Rule 12(e) are disfavored generally, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft responsive pleading." *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1195 (N.D. Ill. 2013).

Defendant asks that Plaintiff be "required to plead his allegations more definitively so that the Defendant is put on proper notice and can answer accordingly." (Def.'s Mot. at 7.) However, in his request Defendant neither explains how the complaint has provided inadequate notice of the claims against him nor identifies any specific deficiencies with the pleading. This is not a case where the nature of Plaintiff's claim, the basis for the claim, or the defendant against whom a claim is being asserted is unclear. *Cf. Roels v. Troka*, No. 01-C-2401, 2002 WL 475188, at *3-4 (N.D. Ill. Mar. 27, 2002) (granting Rule 12(e) motion for plaintiff "to make clear the specific defendants against whom he seeks recovery in [his] claim and to state the basis for his claim that each is liable"). Although brief, Plaintiff's claim in this case is clear as to the conduct on which the claim is based and the defendant against whom the claim is asserted; Defendant "can draft responsive pleading that admits, denies, or claims lack of knowledge" of the assertions made, making a more definite statement inappropriate. *See Rivera*, 974 F. Supp. 2d at 1195. Accordingly, the Motion for a More Definite Statement is denied.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 13] is denied.

SO ORDERED.                                    ENTERED:

DATE:  ___October 7, 2015___            _____
                                               HON. MARIA VALDEZ
                                               United States Magistrate Judge